```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
USHA CONDE,                                                   :
                              Plaintiff,                      :
v.                                                            :
                                                              :    OPINION AND ORDER
                                                              :
MID HUDSON REGIONAL HOSPITAL                                  :    22 CV 3085 (VB)
MEDICAL CENTER and JORDY                                      :
RABINOWITZ,                                                   :
                              Defendants.                     :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Usha Conde, proceeding pro se, brings this Section 1983 action against her former employer, defendant MidHudson Regional Hospital ("MidHudson"),[1] and defendant Jordy Rabinowitz.[2]  Plaintiff alleges violations of the Supremacy Clause, the First Amendment, and the Fourteenth Amendment, as well as violations of the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 (the "NYCHRL"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; and 42 U.S.C. § 1985(3).[3]  Plaintiff's claims are all based on the assertion that she was improperly terminated from MidHudson for her refusal to receive a COVID-19 vaccine.

---

[1] MidHudson is incorrectly named in the amended complaint as "Mid Hudson Regional Hospital Medical Center."  (Doc. #31 at 1).

[2] Plaintiff includes an individual named Jordy Rabinowitz in the caption of the amended complaint.  However, the document itself contains no factual allegations about or, indeed, any other mention of Rabinowitz.  Although this omission would prevent plaintiff from stating a claim against Rabinowitz, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), this issue is ultimately immaterial because the Court concludes plaintiff fails to state a claim as to any defendant, as a matter of law.

[3] Only plaintiff's claims under the First Amendment, the Fourteenth Amendment, and the Supremacy Clause are pleaded as separately enumerated causes of action in the amended complaint.  However, in consideration of plaintiff's pro se status, the Court construes scattered references to the various other statutes in the amended complaint as suggesting additional claims, and it proceeds to analyze them accordingly.

1

Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #29).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

## BACKGROUND

For the purpose of ruling on the motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint,[4] as well as certain factual allegations in plaintiff's opposition.[5] The Court draws all reasonable inferences in plaintiff's favor, as summarized below.

On August 18, 2021, as the COVID-19 pandemic continued to rage throughout the state, New York's Commissioner of Health issued an "Order for Summary Action" (the "Emergency Order") pursuant to New York Public Health Law § 16. The short-term Emergency Order, effective for only fifteen days, required specified healthcare entities to ensure certain types of employees were fully vaccinated against COVID-19. The Emergency Order authorized covered

---

[4] On a motion to dismiss under Rule 12(b)(6), courts also may take judicial notice of "documents retrieved from official government websites," Wells Fargo Bank, N.A. v. Wright Mill Holdings, LLC, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015), and "relevant matters of public record," Geraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012). Here, the Court takes judicial notice of certain facts regarding the COVID-19 pandemic and the state vaccine regulations at issue. See Does 1–2 v. Hochul, 632 F. Supp. 3d 120, 127 n.1 (E.D.N.Y. 2022).

Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[5] Because plaintiff is proceeding pro se, the Court considers new allegations in her opposition, to the extent they are consistent with the amended complaint. See Kelley v. Universal Music Grp., 2016 WL 5720766, at *6 (S.D.N.Y. Sept. 29, 2016).

Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

entities to grant religious exemptions for personnel whose sincere religious beliefs did not permit vaccination.

A few days later, on August 26, 2021, New York's Department of Health replaced the Emergency Order with a new rule, 10 N.Y.C.R.R. § 2.61 ("Section 2.61" or the "Rule"), adopted pursuant to the state's emergency rulemaking procedures. Section 2.61 was largely similar to the Emergency Order, with a few exceptions. Most pertinent here, Section 2.61 did not contain a mechanism for covered healthcare entities to grant religious exemptions. However, the Rule did exempt from the vaccination requirement personnel for whom COVID-19 vaccination would be detrimental to their health. Id. § 2.61(d).

Plaintiff is a "former longtime nurse" who was working at MidHudson when the Emergency Order and the Rule were promulgated. (Doc. #24 ("Am. Compl.") ¶ 17). Plaintiff alleges her sincerely held religious beliefs compel her to refuse COVID-19 vaccination. (Id. ¶¶ 9, 35). Accordingly, after the Emergency Order was announced, plaintiff alleges she requested a religious exemption from the vaccine requirement.

Plaintiff contends that, relying on Section 2.61, defendants "denied all religious exemptions" and "all reasonable workplace accommodations to all healthcare workers without exception." (Am. Compl. ¶ 17). "[B]ecause of her refusal to be vaccinated," plaintiff was terminated from her employment "on or about October 28, 2021," and she was allegedly "denied health insurance, sick, vacation and Hazard pay." (Id. ¶ 18). Plaintiff alleges she was replaced by an "unvaccinated travel nurse," whom plaintiff had helped to train. (Id.). Plaintiff contends her termination constitutes religious discrimination.

DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. at 679.  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

Moreover, the Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se litigant alleges civil rights violations.  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by

4

mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

II.     Free Exercise Claim

Defendants argue plaintiff fails to state a First Amendment free exercise claim because Section 2.61 is a neutral law of general applicability, and it easily satisfies rational-basis review.

The Court agrees.

A.      Legal Standard

The First Amendment provides "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."  U.S. Const. Amend. I.  This entails both the protection of "an individual's private right to religious belief, as well as the performance of (or abstention from) physical acts that constitute the free exercise of religion."  Kane v. De Blasio, 19 F.4th 152, 163–64 (2d Cir. 2021).

"This protection, however, 'does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability.'"  Kane v. De Blasio, 19 F.4th at 164 (quoting Emp. Div. v. Smith, 494 U.S. 872, 879 (1990)).  Thus, "a state can determine that a certain harm should be prohibited generally, and a citizen is not, under the auspices of her religion, constitutionally entitled to an exemption."  We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 281 (2d Cir. 2021) ("We the Patriots I"), opinion clarified, 17 F.4th 368 (2d Cir. 2021) ("We the Patriots II"), cert. denied sub nom., Dr. A. v. Hochul, 142 S. Ct. 2569 (2022).

Accordingly, "a law that incidentally burdens religious exercise is constitutional when it (1) is neutral and generally applicable and (2) satisfies rational basis review."  We the Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev., 76 F.4th 130, 144 (2d Cir. 2023), petition for cert. filed, No. 23-643 (Dec. 14, 2023).  "If the law is not neutral or not generally applicable, it is

5

subject to strict scrutiny, and the burden shifts to the government to establish that the law is narrowly tailored to advance a compelling government interest." Id.

The "minimum requirement of neutrality is that a law not discriminate on its face." Kane v. De Blasio, 19 F.4th at 164. In addition, "[t]he State fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature." We the Patriots I, 17 F.4th at 281. "To fail the neutrality prong, it is not enough for a law to simply affect religious practice; the law or the process of its enactment must demonstrate hostility to religion." We the Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev., 76 F.4th at 145.

A law is not generally applicable "if it invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions"; or "if it prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." We the Patriots I, 17 F.4th at 284. But, "[a]n exemption is not individualized simply because it contains express exceptions for objectively defined categories of persons." Kane v. De Blasio, 19 F.4th at 165. A law that includes exemptions is generally applicable unless there is "some showing that the exemption procedures allow secularly motivated conduct to be favored over religiously motivated conduct." Ferrelli v. Unified Ct. Sys., 2022 WL 673863, at *6 (N.D.N.Y. Mar. 7, 2022) (quoting Kane v. De Blasio, 19 F.4th at 165).

B.   Analysis

It is now well-settled in this Circuit that Section 2.61 is both neutral and generally applicable.

Section 2.61 "applies to all 'personnel,' as carefully defined in the Rule, aside from those who qualify for the narrowly framed medical exemption," and "it does not single out employees

who decline vaccination on religious grounds." We the Patriots I, 17 F.4th at 281. Nor does Section 2.61 subject religious employees to "harsher treatment." Does 1–2 v. Hochul, 632 F. Supp. 3d at 137. Accordingly, Section 2.61 is neutral on its face. Cf. Church of Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533–34 (1993) ("A law lacks facial neutrality if it refers to a religious practice without a secular meaning discernable from the language or context.").

Section 2.61 is also generally applicable. If an "employee's work assignments mean that she qualifies as 'personnel,' she is covered by the Rule and her employer must 'continuously require' that she is vaccinated against COVID-19." We the Patriots II, 17 F.4th at 370. The only carve-out is for "an objectively defined category of people"—those for whom vaccination would be detrimental to their health. We the Patriots I, 17 F.4th at 289. Accordingly, "[o]n its face, the Rule affords no meaningful discretion to the State or employers" to grant individualized exemptions. Id.

In addition, contrary to plaintiff's assertion (Am. Compl. ¶ 42), Section 2.61 does not permit "comparable secular conduct" simply because it contains a medical exemption but not a religious one. As the Second Circuit concluded, "applying the Rule to those who oppose vaccination on religious grounds furthers the State's asserted interests, whereas applying the Rule to those subject to medical contraindications . . . would undermine the government's asserted interest in protecting the health of covered personnel." We the Patriots I, 17 F.4th at 285. Thus, the two exemptions are not comparable.

Moreover, plaintiff has not pleaded any facts suggesting Section 2.61, although facially neutral, in fact "targets religious conduct for distinctive treatment." Church of Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. at 534.

Although plaintiff makes several arguments as to why she believes Section 2.61 is neither neutral nor generally applicable, none is availing here.

First, plaintiff points to New York Public Health Law § 2165, which requires post-secondary students to be vaccinated against the measles, mumps, and rubella. Because Section 2165 contains a religious exemption and Section 2.61 does not, plaintiff alleges it is clear the state specifically omitted a religious exemption from Section 2.61 in an effort to target healthcare workers who object to vaccination on religious grounds.

As an initial matter, Section 2165's religious exemption was repealed in 2019 and, therefore, was not available when Section 2.61 was enacted in 2021. See N.Y. Public Health Law § 2164. In any event, it is neither unreasonable nor suspicious for the state to weigh relative threats to public safety and determine that religious or medical exemptions are appropriate in the context of one vaccine mandate but not in another. We the Patriots I, 17 F.4th at 286–87 ("The Supreme Court's discussion in [several vaccine] cases, which compared the risks posed by groups of various sizes in various settings, suggests the appropriateness of considering aggregate data about transmission risks."). In other words, the inclusion of a religious exemption in Section 2165 does not suggest the state was motivated by religious animus when it omitted such an exemption from Section 2.61. See Phillips v. City of New York, 775 F.3d 538, 543 (2d Cir. 2015) (per curiam) ("Because the State could bar [unvaccinated] children from school altogether, a fortiori, the State's more limited exclusion during an outbreak of a vaccine-preventable disease is clearly constitutional.").

Plaintiff's remaining arguments have all been considered and rejected by the Second Circuit and other courts within this district, in similar or comparable cases. See, e.g., We the Patriots I, 17 F.4th at 281–90; Does 1–2 v. Hochul, 632 F. Supp. 3d at 137–42; Algarin v. NYC

Health + Hospitals Corp., 2023 WL 4157164, at *11–13 (S.D.N.Y. June 23, 2023); Phillips v. City of New York, 775 F.3d at 543; Marte v. Montefiore Med. Ctr., 2022 WL 7059182, at *6 (S.D.N.Y. Oct. 12, 2022) (noting "the legality of [Section 2.61] as applied to" patient-facing providers "is now settled law in this Circuit").

In sum, plaintiff has not alleged any facts distinguishing this case from those concluding Section 2.61 is neutral and generally applicable.

C.   Rational Basis Review

Because Section 2.61 is a neutral law of general applicability, rational-basis review applies. Under this standard, a law or regulation need only "be rationally related to a legitimate state interest." Lange-Kessler v. Dep't of Educ., 109 F.3d 137, 140 (2d Cir. 1997). Rational-basis review is "highly deferential." Winston v. City of Syracuse, 887 F.3d 553, 560 (2d Cir. 2018).

Section 2.61 easily meets this test. "Stemming the spread of COVID-19 is unquestionably a compelling interest," and therefore is certainly a legitimate one. Roman Catholic Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63, 67 (2020). And, by maximizing the vaccination rates among healthcare workers "who might become infected and expose others to the virus," the Rule plainly furthers the state's interest in the public health. We the Patriots I, 17 F.4th at 290; Riley v. NYC Health & Hosp. Corp., 2023 WL 2118073, at *6 (S.D.N.Y. Feb. 17, 2023).

Accordingly, plaintiff's First Amendment free exercise claim under Section 1983 must be dismissed.

III.     Equal Protection Claim

Defendants also argue plaintiff has not stated a Fourteenth Amendment equal protection claim because she has not alleged she was treated differently from a similarly situated individual.

The Court agrees.

To state a selective enforcement equal protection claim, a plaintiff must plausibly allege: "(1) the person, compared with others similarly situated, was selectively treated; and (2) such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Crowley v. Courville, 76 F.3d 47, 52–53 (2d Cir. 1996).

Plaintiff does not adequately identify any similarly situated individual whom defendants treated differently.  Shortly before she was terminated for refusing to receive the COVID-19 vaccine, plaintiff was allegedly replaced by an unvaccinated travel nurse.  The travel nurse purportedly told plaintiff that she (the travel nurse) had not needed to be vaccinated to come work at the hospital.  (Doc. #36 ¶ 20).  However, plaintiff also alleges she raised this information with both a supervisor and a human resources representative, who both told plaintiff the travel nurse was incorrect.  (Id. ¶ 21).  Even read in the light most favorable to plaintiff, these facts do not permit the Court to reasonably infer plaintiff "was similarly situated in all material respects to the individual[] with whom she seeks to compare herself." Hu v. City of New York, 927 F.3d 81, 96 (2d Cir. 2019).   Plaintiff has not clearly alleged whether the travel nurse was, like plaintiff, indeed unvaccinated, or whether the travel nurse sought or was granted an exemption to the vaccine requirement (religious or otherwise).  Accordingly, plaintiff has not adequately alleged she and the travel nurse were in fact similarly situated.

Moreover, "[w]hen a free exercise challenge fails, any equal protection claims brought on the same grounds are subject only to rational-basis review." Kane v. De Blasio, 19 F.4th at 167 n.14; see also Locke v. Davey, 540 U.S. 712, 720 n.3 (2004) ("Because we hold . . . that the [challenged] program is not a violation of the Free Exercise Clause . . . we apply rational-basis scrutiny to [the plaintiff's] equal protection claims" premised on the same program.); We the Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev., 76 F.4th at 158.  As explained above, Section 2.61 satisfies rational-basis review because it serves the legitimate purpose of curbing the transmission of COVID-19 and protecting patients and healthcare workers.  Therefore, the Rule also passes muster for equal protection purposes.

Accordingly, plaintiff's Fourteenth Amendment equal protection claim must be dismissed.

IV.     Title VII and NYSHRL Claims

Defendants argue that, to the extent plaintiff raises claims under Title VII or the NYSHRL, they must be dismissed because plaintiff has not alleged defendants could have offered her a reasonable accommodation without undue hardship.

The Court agrees.

A.      Legal Standard

Discrimination claims under the NYSHRL and Title VII are "analytically identical," so the Court applies the same legal standard of proof under both statutes.  Lenzi v. Systemax, Inc., 944 F.3d 97, 107 n.7 (2d Cir. 2019).

Title VII protects employees from discrimination based on certain protected characteristics, including religion.  See 42 U.S.C. § 2000e-2(a).

"Religion," for Title VII purposes, means "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). The NYSHRL contains substantially the same language.[6] Corrales v. Montefiore Med. Ctr., 2023 WL 2711415, at *5 (S.D.N.Y Mar. 30, 2023).

To survive a motion to dismiss on an employment discrimination claim, a plaintiff must plausibly allege (1) her employer took some adverse action against her, and (2) her religion "was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015). "In brief, it is 'an unlawful employment practice . . . for an employer not to make reasonable accommodations, short of undue hardship, for the religious practice of his employees.'" Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006).

Religious discrimination claims are also subject to a burden-shifting framework. A plaintiff must first make out a prima facie case by showing "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 167 (2d Cir. 2001). If the

---

[6] The NYSHRL makes it unlawful to:

> impose upon a person as a condition of obtaining or retaining employment . . . any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion . . . unless, after engaging in a bona fide effort, the employer demonstrates that it is unable to reasonably accommodate the employee's . . . sincerely held religious observance or practice without undue hardship on the conduct of the employer's business.

N.Y. Exec Law § 296(10)(a).

plaintiff can make out a prima facie case, "the burden then shifts to the employer to show it could not accommodate the employee['s] religious beliefs without undue hardship." Id.

A reasonable accommodation is one that eliminates the conflict between the employment requirement and the employee's religious practice. Cosme v. Henderson, 287 F.3d 152, 160 (2d Cir. 2002). However, an otherwise reasonable accommodation presents an "undue hardship" if it would result in "'substantial additional costs' or 'substantial expenditures'" for the employer. Groff v. DeJoy, 600 U.S. 447, 469 (2023).[7] In considering undue hardship, a court must "take[] into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, 'size and operating cost of [an] employer.'" Id. at 471.

B.     Analysis

Plaintiff has alleged (i) she "has sincerely held religious beliefs that compel [her] to refuse Covid-19 vaccination" (Am. Compl. ¶ 35), (ii) she "submitted [a] religious exemption" seeking to be excused from defendants' vaccination requirement (id. ¶ 17), and (iii) her request for a religious exemption was denied and she was terminated for her refusal to be vaccinated (id. ¶¶ 17–18). Accordingly, plaintiff has made out a prima facie case for religious discrimination. Riley v. N.Y.C. Health & Hosp. Corp., 2023 WL 2118073, at *3. Thus, the issue becomes

---

[7]     In Groff v. DeJoy, 600 U.S. at 468, the Supreme Court recently explained that the "more than de minimis cost" standard of Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 84 (1977), "does not suffice to establish 'undue hardship' under Title VII." However, this modification to the standard does not alter the outcome in this case because the pre-Groff decisions cited herein are "consistent with the Supreme Court's clarification of the 'undue hardship' standard," D'Cunha v. Northwell Health Sys., 2023 WL 7986441, at *3 (2d Cir. Nov. 17, 2023), even as they cite language from Hardison.

whether defendants could have offered plaintiff a reasonable accommodation without undue hardship.[8]

As an initial matter, it is important in this case to distinguish between the terms "accommodation" and "exemption." Although the amended complaint frequently uses the term "accommodation," what plaintiff requested (and the amended complaint generally describes) was in fact an exemption from Section 2.61 that would have allowed her to continue working in her patient-facing position while remaining unvaccinated. (See, e.g., Am. Compl. ¶¶ 4, 17, 29). It is well-settled in this Circuit that Section 2.61 prohibits employers from granting such religious exemptions to the vaccination requirement. We the Patriots I, 17 F.4th at 292; We the Patriots II, 17 F.4th at 370. Where, as here, an employee's request would require her employer to violate a state regulation, the proposed "accommodation" constitutes an undue hardship as a matter of law. See, e.g., Lowman v. NVI LLC, 821 F. App'x 29, 32 (2d Cir. 2020) (summary order); Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., 2023 WL 3467143, at * 6 (S.D.N.Y. May 15, 2023); Does 1–2 v. Hochul, 632 F. Supp. 3d at 145. Put differently, plaintiff's request for a religious exemption to Section's 2.61 vaccination requirement was not a request for a reasonable accommodation within the meaning of Title VII. See D'Cunha v. Northwell Health Sys., 2023 WL 7986441, at *3.

That said, the Second Circuit has recognized "it may be possible under the Rule for an employer to accommodate—not exempt—employees with religious objections, by employing them in a manner that removes them from the Rule's definition of 'personnel.'" We the Patriots

---

[8] Undue hardship is generally an affirmative defense, but "it may be raised on a pre-answer motion to dismiss when the facts establishing it are clear from the face of the complaint." Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., 2023 WL 3467143, at *5. As discussed below, such is the case here.

II, 17 F.4th at 370. The amended complaint does not state plaintiff ever explicitly sought such an accommodation, rather than a blanket exemption. However, in her opposition, plaintiff alleges she would have considered accommodations "such as placing me in a work environment that minimized or eliminated contact with patients, visitors, or hospital personnel." (Doc. #37 ¶¶ 35–36). Thus, drawing all reasonable inferences in her favor, she has alleged it would have been possible for defendants to offer her a religious accommodation consistent with Rule 2.61.

Nevertheless, in light of plaintiff's role as a patient-facing nurse, the Court cannot conceive of an accommodation that would neither have violated Section 2.61 nor resulted in an undue burden to defendants. At the very least, plaintiff would have been "unable to perform patient care duties requiring physical contact with patients," and, therefore, another nurse would have had to cover those duties or defendants would have needed to hire a replacement nurse. Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc., 2023 WL 3628151, at *5 (S.D.N.Y. May 5, 2023), R&R adopted, 2023 WL 3626435, at *1 (S.D.N.Y. May 24, 2023). Particularly in light of the stress the COVID-19 pandemic placed on this country's healthcare system and the severity of illness suffered by patients hospitalized with COVID-19,[9] relieving plaintiff of her patient-facing duties would have imposed an undue hardship on defendants. Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc., 2023 WL 3628151, at *5; see also Dennison v. Bon Secours Charity Health Sys. Med. Grp., 2023 WL 3467143, at *6 n.6 (questioning whether the hospital defendants could have accommodated the plaintiffs "given their roles as patient-facing nurses"). Therefore, plaintiff has failed to allege defendants could have reasonably accommodated her religious objections to the vaccine requirement without undue hardship.

---

[9] See, e.g., Abraar Karan et al., Health System Stress Due to Covid-19: Evading an Evolving Crisis, 16 J. Hosp. Med. 127, 127 (2021), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7850594/#.

Accordingly, plaintiff's Title VII and NYSHRL claims must be dismissed.

V.     Supremacy Clause Claim

Defendants argue plaintiff has no private right of action under the Supremacy Clause and she has not adequately pleaded a preemption challenge to Section 2.61.

The Court agrees.

The Supremacy Clause of the U.S. Constitution provides that federal law is "the supreme Law of the Land." U.S. Const. art. VI, § 2. The Clause "creates a rule of decision" that prohibits courts from giving effect to state or local laws that conflict with federal law. Armstrong v. Exceptional Child Care Ctr., Inc., 575 U.S. 320, 324 (2015). However, the Supremacy Clause "is not the source of any federal rights," and it does not confer individuals with an independent cause of action. Davis v. Shah, 821 F.3d 231, 245 (2d Cir. 2016). Accordingly, plaintiff cannot state a claim for relief based on the Supremacy Clause alone.

Moreover, even if the Court liberally construes the amended complaint as raising a preemption challenge to Section 2.61, this claim also fails.

To succeed in this type of preemption challenge, plaintiff would have to "show that local law conflicts with federal law such that it is impossible for a party to comply with both or the local law is an obstacle to the achievement of federal objectives." We the Patriots I, 17 F.4th at 291. In We the Patriots I, the Second Circuit considered and rejected an argument that Section 2.61 is preempted by Title VII because Section 2.61 prevents employers from providing reasonable religious accommodations. As discussed above, "Section 2.61, on its face, does not bar an employer from providing an employee with a reasonable accommodation that removes the individual from the scope of the Rule." Id. at 292. Moreover, "[t]o avoid Title VII liability for religious discrimination, an employer need not offer the accommodation the employee prefers."

16

Id.  In sum, because Section 2.61 leaves open opportunities for employees to secure reasonable religious accommodations, the Rule does not conflict with and is not preempted by Title VII.  Id.

Accordingly, plaintiff's Supremacy Clause claim must be dismissed.

VI.     NYCHRL Claim

Defendants assert plaintiff's NYCHRL claim, to the extent it is alleged in the amended complaint, must be dismissed because plaintiff has not pleaded the requisite jurisdictional nexus.

The Court agrees.

"To state a claim under the NYCHRL," plaintiff must allege the defendants discriminated against her "within the boundaries of New York City," Robles v. Cox & Co., 841 F. Supp. 2d 615, 623 (E.D.N.Y. 2012), or "that the discriminatory conduct had an impact in New York City," Pedroza v. Ralph Lauren Corp., 2020 WL 4273988, at *2 (S.D.N.Y. July 24, 2020).

Here, the docket reflects plaintiff is a resident of Fishkill, New York, and her former employer, MidHudson, is located in Poughkeepsie, New York.  The amended complaint contains no allegations indicating any of the events or the impact of defendants' alleged discrimination had any nexus to New York City.

Accordingly, plaintiff's NYCHRL claim must be dismissed.

VII.    Section 1985(3) Claim

Defendants do not address whether plaintiff has stated a claim under 42 U.S.C. § 1985(3).  Although plaintiff does not include any specific allegations in support of a Section 1985(3) claim, the amended complaint states this action "arises under federal statutory laws, namely 42 U.S.C. § 1985(3)," among others.  (Am. Compl. ¶ 5).

17

The Court need not decide whether, liberally construed, plaintiff has raised a Section 1985(3) claim because she has not alleged sufficient facts to support a cause of action under this statute.

Nothing in the amended complaint raises a reasonable inference of conspiracy to violate plaintiff's rights.  Furthermore, "Section 1985(3) provides no substantive rights itself; rather, it merely provides a remedy for violation of the rights it designates.  As a result, to maintain a claim pursuant to § 1985(3), there must be some predicate constitutional right which the alleged conspiracy violates."  Does 1–2 v. Hochul, 632 F. Supp. 3d at 148.  Because the Court concludes plaintiff has not adequately alleged a violation of any predicate constitutional right, plaintiff cannot maintain a claim under Section 1985(3).

## VIII. Leave to Amend

A district court ordinarily should not dismiss a pro se complaint for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Here, plaintiff has already filed an amended complaint in response to defendants' first motion to dismiss, and, even reading the complaint liberally, plaintiff's allegations do not suggest she has valid claims she has merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe."  Cuoco v. Moritsugu, 222 F.3d at 112.

To the contrary, the Court concludes repleading in this case would be futile because the problems with plaintiff's causes of action are substantive, and supplementary and/or improved pleading will not cure the deficiencies. See Cuoco v. Mortisugu, 222 F.3d at 112.

## CONCLUSION

The motion to dismiss is GRANTED.

All of plaintiff's claims are DISMISSED.

The Clerk is instructed to terminate the motion (Doc. #29) and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order and all unpublished decisions cited herein to plaintiff at the address on the docket.

Dated: January 12, 2024
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge